```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                  STATESVILLE DIVISION
                    5:03CV40-2-V
                   (5:97CR297-1-V)
```

| | |
|---|---|
| **DONNIE RAY WALLACE,**               ) | |
|     **Petitioner,**               ) | |
|                              ) | |
|           **v.**                 ) | **O R D E R** |
|                              ) | |
| **UNITED STATES OF AMERICA,**               ) | |
|     **Respondent.**               ) | |
| _____) | |

**THIS MATTER** is before this Court on Petitioner's document captioned as a "Motion For Emergency Hearing On Issue Presented" (Doc. No. 17); his three Motions to Correct Clerical Mistakes (Doc. Nos. 20, 22 and 23); and his Motion to Reconsider and Amend Judgment (Doc. No. 21).

Pertinent Court records reflect that on January 20, 1999, Petitioner was convicted upon his guilty plea to a charge of conspiracy to possess with intent to distribute quantities of cocaine and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and was sentenced to a term of 30 months imprisonment and five years supervised release. (Case No. 5:97CR297, Doc. Nos. 199 and 240). Petitioner thereafter completed his term of incarceration and began serving his term of supervised release. However, on August 6, 2001, a Violation Report was filed alleging that Petitioner had violated the conditions of his release by, <u>inter alia</u>, testing positive for marijuana and cocaine usage on

multiple occasions. (Id., Doc. No. 320). Petitioner was arrested and released on bond pending resolution of such allegations. (Id., Doc. No. 325). On December 12, 2001, another Violation Report was filed alleging that Petitioner again had violated his supervised release by getting arrested by the State of North Carolina for 11 separate drug trafficking offenses. (Id., Doc. No. 345).

On March 4, 2002, the Court held a Violation Hearing, pursuant to which it concluded that Petitioner was guilty of the matters alleged in both Violation Reports. Accordingly, the Court revoked Petitioner's supervised release and sentenced him to 34 months incarceration. The Court's Judgment was filed March 28, 2002. (Id., Doc. No. 356).

On March 27, 2003, Petitioner filed a Motion to Vacate his 34-month sentence alleging that he was subjected to ineffective assistance of counsel; that he erroneously was revoked and/or sentenced on the basis of the State charges for which he had not yet been convicted; and that his 34-month sentence was erroneous because it exceeded his original 30-month term of imprisonment for his actual commission of the criminal offenses. (Case No. 5:03CV40, Doc. No. 1). That Motion was opposed by the Government. (Doc. No. 9).

In the meantime, on May 22, 2003, Petitioner was sentenced

on one or more of the State charges as identified in his second Violation Report. (Doc. No. 17 at 11). He thereafter sought clarification from the Bureau of Prisons concerning whether his sentences would be run concurrently. (Doc. No. 17 at 11). However, on June 2, 2004, Petitioner reportedly received the BOP's response explaining that the terms could not be served concurrently because this Court's Judgment was silent as to how his 34-month sentence could be served. (Id.).

On June 21, 2004, Petitioner filed a "Motion For Emergency Hearing On Issue Presented" arguing, pursuant to 28 U.S.C. §§ 1651 and 1331, that he was entitled to be re-sentenced on the basis of a post-sentencing 2003 change in § 5G1.3(b) of the U.S. Sentencing Guidelines. (Id.). Curiously, however, such Motion asserts that this Court erred in failing to grant Petitioner 215 days of jail credit for a period beginning "in or about 2001." (Id. at 3).

On August 9, 2004, the Court entered an Order denying Petitioner's Motion to Vacate, essentially on the basis of the arguments raised in the Government's Response (Doc. No. 18).

Thereafter, Petitioner filed three Motions to Correct Clerical Mistakes (Doc. Nos. 20, 22 and 23), seeking to ensure that his Motion for Emergency Hearing (Doc. No. 17) got placed on

3

the docket and resolved by the Court.[1]  Similarly, Petitioner filed a Motion for Reconsideration merely asking the Court to ensure that his Motion for Emergency Hearing was resolved. (Doc. No. 21).  To the extent that the foregoing Motions are aimed at ensuring that Petitioner's Motion for Emergency Hearing is resolved by the Court, the first such Motion (Doc. No. 20) will be granted and the remaining three (Doc. Nos. 21 through 23) will be dismissed as moot.

Nevertheless, to the extent that the Motion for Emergency Hearing (Doc. No. 17) actually states a cognizable habeas claim (broadly construed as a request for an award of jail credit based upon a post-judgment amendment to § 5G1.3(b)), such proposed claim would have been subject to application of both the Antiterrorism and Effective Death Penalty Act (the "AEDPA," hereafter) and Rule 15 of the Federal Rules of Civil Procedure.

That is, under the AEDPA Petitioner had one year from the date that his Judgment became final in which to bring all habeas challenges to his sentence under 28 U.S.C. § 2255.  In this case, the Judgment terminating Petitioner's supervised release and imposing the 34-month term of incarceration was filed on March

---

[1] Although the Court can find no indication on the record that Petitioner's Motion for Emergency Hearing (Doc. No. 17) ever was resolved, presumably due to some technological error, such Motion is not identified as outstanding on the Court's docket sheet.

28, 2002.  Petitioner did not file a direct appeal of that Judgment; accordingly, his case became final on or about April 11, 2002.  Furthermore, because Petitioner's Motion for Emergency Hearing does not attempt to establish any basis for calculating his one-year limitations period as beginning any later than April 11, 2002, he had up to April 11, 2003, in which to submit this proposed claim for a sentence modification.  Petitioner did not meet that deadline.

Moreover, the Court notes that the proposed claim is distinguishable from the claims which Petitioner raised in his timely filed Motion to Vacate.  Therefore, such proposed claim cannot be deemed to have related back to Petitioner's original claims, and was time-barred when he filed it on June 21, 2004.  See United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). In sum, Petitioner's proposed claim could not have provided a basis for granting him any relief under § 2255.

Finally, because Petitioner was not entitled to review of his proposed claim, there was no reason for the Court to hold an evidentiary hearing on that matter.  Accordingly, Petitioner's Motion for Emergency Hearing on Issue Presented (Doc. No. 17) will be denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.  Petitioner's Motion for Emergency Hearing on Issue

Presented (Doc. No. 17) is **DENIED**;

2. Petitioner's first Motion to Correct Clerical Mistakes (Doc. No. 20) is **GRANTED** in that the Court has reviewed and resolved his Motion for Emergency Hearing;

3. Petitioner's remaining Motions to Correct Clerical Mistakes (Doc. Nos. 21 through 23) all are **DISMISSED as moot**; and

4. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not established both that this Court's dispositive procedural ruling is debatable and that his proposed habeas claim states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003).

**SO ORDERED.**

Signed: December 2, 2010

Richard L. Voorhees
United States District Judge